IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| KUSUMAKAR SOODA and BHAKTI SOODA | * * | |
| Plaintiffs | * * | NO: 4:11CV00811   SWW |
| VS. | * * | LEAD CASE |
| SOHAIL CHEEMA, MOHAMMAD A. LONE, and S&A PAK, INC. | * | |
| Defendants | | |

*consolidated with:*

| | | |
|---|---|---|
| S&A PAK, INC. | * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:12CV00008 BRW |
| THH PROPERTIES LIMITED PARTNERSHIP, PLT PROPERTIES LLC, D&b THOMPSON PROPERTIES LP, DUNCAN THOMPSON PETROLEUM, INC., T C FUELS LP, and JOE D. THOMPSON | * * | |
| Defendants | | |

## ORDER CONSOLIDATING CASES

Before the Court is a notice of related case and motion for consolidation by Plaintiff S&A Pak, Inc. (Case No. 4:12CV0008 BRW, docket entry #5) and Defendants' response in opposition (Case No. 4:12CV0008 BRW, docket entry #9). After careful consideration, and for reasons that follow, the motion to consolidate will be granted.

In *Sooda  v. S&A Pak, Inc. et al.,* No 4:11CV00811 SWW, Plaintiffs Kusumakar and Bhakti Sooda sue S&A Pak, Inc. ("S&A") and S&A officers for breach of fiduciary duty, breach

of contract, violation of the Arkansas Deceptive Trade Practices Act, and fraud.  The following facts, among others, are alleged in the Soodas' amended complaint.

On September 20, 2010, the Soodas, doing business as Sooda I-30,  entered a ten-year lease agreement with S&A for the lease of a convenience store and gas station located on I-30 in Texarkana, Texas, hereinafter the "I-30 Store."

On December 20, 2010, Kusumakar Sooda entered an agreement with S&A, which provided that Sooda would purchase the I-30 Store and one additional store from S&A.  However, after Sooda paid $100,000 toward the purchase price, he learned that the additional store included in the purchase agreement was subject to a ten-year lease, and he withdrew from the agreement.  Subsequently, S&A agreed to sell Kusumakar Sooda the I-30 Store  for $1,000,000, and the parties entered a purchase agreement on June 14, 2011.

The Soodas allege that the June 14, 2011 purchase agreement fell through because S&A failed to receive permission to sell the I-30 Store, as required under a separate contract between S&A and the Joe Thompson, the prior owner of the I-30 Store.  The Soodas allege that they rescinded the June 14, 2011 purchase agreement and  demanded return of their $100,000 deposit, but S&A refused to return the deposit money unless the Soodas agreed to install a new cash register system in the I-30 Store.

In *S&A Pak, Inc. v. THH Properties Limited Partnership, et al.,* No. 4:12CV00008 BRW, S&A sues THH Properties Limited Partnership; PLT Properties LLC;  D&B Thompson Properties L.P.;  Duncan Thompson Petroleum, Inc. (collectively, "Store Owners"); Joe D. Thompson ("Thompson"); and T.C. Fuels LP ("T.C. Fuels").  The following facts, among others, are alleged in S&A's complaint.

S&A entered a Contract for Deed with the Store Owners, which provided that S&A would take possession of and make payments toward the purchase four convenience stores. S&A leased one of the convenience stores included in the Contract for Deed, the aforementioned I-30 Store, to Sooda I-30 LLC. As previously stated in reference to case No. 4:11CV00811 SWW, S&A and Sooda entered an agreement for Sooda to purchase the I-30 Store.

By letter dated November 3, 2011, signed by Thompson, the Store Owners notified S&A that it had defaulted under the Contract for Deed by, among other things, attempting to sell the I-30 Store to Sooda. The letter notes that the Contract for Deed provides that the purchaser shall not sell an interest in the subject properties without first securing the written consent of the seller.

On November 8, 2011, Kusumakar Sooda notified S&A that the Store Owners had informed him that S&A no longer had control or ownership of the I-30 Store, and on December 1, 2011, Thompson notified S&A that unless it signed a termination agreement, the Contract for Deed would be forfeited.

S&A claims that the Store Owners, T.C. Fuels, and Thompson intentionally interfered with its lease agreement with Sooda and other convenience store tenants by falsely informing the tenants that S&A no longer had control or ownership of the convenience stores. S&A also sues for breach of the Contract for Deed and seeks compensatory and punitive damages; a declaratory judgment that it is not in default under the Contract for Deed, or that any default is not a material breach; an injunction enjoining the defendants from taking any action to encumber, sell, or lease the convenience stores that are the subject of the Contract for Deed; and a declaration that the Contract of Deed is an equitable mortgage.

3

S&A moves for consolidation cases No. 4:11CV00811 SWW and No. 4:12CV00008 BRW, asserting that the proceedings involve common questions of law and fact.[1] Defendants in case No. 4:12CV00008 BRW oppose consolidation and contend that even if the cases present a common questions, the interest of judicial economy is outweighed by a substantial risk of juror confusion and prejudice, such that the cases should not be consolidated for trial. However, the defendants state that the "factual overlap between the two cases might justify consolidation for the purposes of discovery only." Docket entry #9, at 13.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of separate actions and provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation

---

[1] S&A also filed a notice of related case, which has no effect. Pursuant to General Order 39, when a party believes a new civil case should be directly assigned to a particular judge because the new case is closely related to "a prior closed case" and assignment to a different judge would result in a significant waste of judicial time, that party should so indicate with a notice of related case filed together with the complaint. When such notice is filed together with a complaint, the new case is tentatively assigned to the judge who handled the prior closed case, and that judge decides whether to keep the case or to notify the clerk to assign the new case by random draw.

Here, S&A did not follow the foregoing procedure. More important, S&A contends that its complaint is related to a pending case, not a prior closed case.

would be desirable and the decision inevitably is highly contextual . . . . The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. 2008).  Here, the Court finds that consolidation is appropriate.

The cases under consideration arise from interrelated business transactions, involving the same parties and the same convenience stores.   Additionally, the cases involve at least one common question of fact.  In case No.  4:12CV00008 BRW, S&A seeks a declaratory judgment that it did not default under the Contract for Deed and specifically alleges that the defendants consented to the sale of two of the convenience stores included in the Contract for Deed.  Conversely, in case No. 4:11CV00811 SWW, the Soodas claim that S&A committed fraud and violated the Arkansas Deceptive Trade Practices Act by misrepresenting that S&A had permission to sell a convenience store included in the Contract for Deed.

The cases at issue are in the same stage of litigation, and the Court has yet to issue a final scheduling order in either case.  Accordingly, the Court will enter a single scheduling order for both cases.  The Court is unable to determine at this juncture whether the efficiencies of a joint trial are outweighed by a danger of juror confusion or prejudice to any party.  However, the parties may move for separate trials after discovery is complete.  The parties are advised that consolidation in this instance will not merge the cases into a single action, and each will retain its separate character.

IT IS THEREFORE ORDERED that, pursuant to Federal Rule of Civil Procedure 42(a), *Sooda  v. S&A Pak, Inc., et al.,* No. 4:11CV00811 SWW and *S&A Pak, Inc. v. THH Properties Limited Partnership, et al.,* No. 4:12CV00008 BRW  are hereby CONSOLIDATED, and case No. 4:12CV00008 BRW should be transferred to the docket of United States District Judge Susan

Webber Wright.

IT IS FURTHER ORDERED that the Clerk shall enter this order in each of the consolidated cases, **and the parties are advised that all future filings should be made only in the lead case, Case No. 4:11CV00811 SWW, and each filing should clearly indicate the relevant case number.**

IT IS SO ORDERED THIS 9TH DAY OF FEBRUARY, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE
